**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROLANDO CHACON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| GRANT & WEBER INC., and DOES 1-10, | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, ROLANDO CHACON ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendants, GRANT & WEBER INC. ("G&W") and DOES 1-10, inclusive, and each of them, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly, and/or willfully placing, through its agent(s), automated collection calls to Plaintiff's cellular telephone, in violation of the TCPA, its related regulations, and the FDCPA, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.     The TCPA was designed to prevent automated telephone calls like the ones

described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5.      Persons, like Plaintiff herein, have no control to stop unsolicited automated telephone calls to their cellular telephones.

6.      The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., was enacted to "eliminate abusive debt collection practices by debt collectors," due to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692.

7.      Plaintiff and the members of the proposed class defined below received automated collection calls placed to their cellular telephones, placed by or on behalf of Defendant G&W, which were made without the consent of the recipients of said calls.

8.      Plaintiff and the members of the classes defined below received collection calls, placed by or on behalf of Defendant G&W, when they were not the intended recipients of Defendants' calls and/or who did not owe the alleged debts Defendants were attempting to collect.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under laws of the United States, the TCPA and the FDCPA.

10.     This Court also has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendants regularly conduct business throughout the Northern District of Illinois.

## PARTIES

12.     Plaintiff is an individual who was at all relevant times residing in the City of Chicago, County of Cook, and State of Illinois.

13.     On information and belief, Defendant G&W is a corporation of the State of Nevada, licensed to do business in Illinois, and which has its principal place(s) of business in Las Vegas, Nevada, Calabasas, California, and/or Gilbert, Arizona.

14.     On information and belief, at all times relevant hereto, Defendant G&W was engaged in the business of attempted collection of alleged debts.

15.     Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

16.     Defendant G&W is a "person" as defined in 47 U.S.C. § 153(39).

17.     Plaintiff is a "consumer," as defined by 15 U.S.C. § 1692a(3) as he is a natural person allegedly obligated to pay a debt.

18.     At all relevant times, G&W acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that, on information and belief, it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

20.     The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

21.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

22.     On or about July 27, 2018, Defendants began placing automated telephone calls to Plaintiff's cellular telephone.

23.     When Plaintiff answered Defendants' calls, he experienced a long pause before a live representative would begin speaking, which is indicative of an automatic telephone dialing system.

24.     The agent and representative of Defendants with whom Plaintiff spoke on or about July 27, 2018 stated that Defendant G&W was attempting to collect a debt from someone named either Stephanie Johns, Luke Johns, Jason Johns, or a similar name.

25.     Plaintiff informed said representative that he did not know anyone by those names and requested that Defendants stop placing telephone calls to Plaintiff's cellular telephone.

26.     Despite Plaintiff's request that Defendants cease placing telephone calls to his cellular telephone, Defendants continued to repeatedly place calls to Plaintiff's cellular telephone after such request was made.

27.     On information and belief, Defendants did not perform any investigation to determine whether the telephone number it was calling (i.e. Plaintiff's telephone number) belonged to the person whom they were actually trying to reach.

28.     On or about August 8, 2018, Plaintiff received another automated telephone call from Defendants. Plaintiff spoke with an agent and representative of Defendants and again requested that Defendants stop placing telephone calls to Plaintiff's cellular telephone.

29.     As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

          a.      Invasion of privacy;

      b.      Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

      c.      Wasting Plaintiff's time;

      d.      Risk of personal injury due to interruption and distraction when receiving unwanted calls from Defendants;

      e.      Depletion of Plaintiff's cellular telephone battery; and

      f.      The cost of electricity to recharge Plaintiff's cellular telephone battery.

30.     On information and belief, Defendants placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

31.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

32.     On information and belief, Defendants routinely use an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of Defendants' business(es).

33.     Plaintiff did not give Defendants his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendants to contact him in this manner was terminated and revoked.

34.     Defendants' telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

35.     Defendants' telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

36.     In its attempts to collect the alleged debt as outlined above, Defendants also repeatedly violated the FDCPA.

37.     At all times pertinent hereto, G&W was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of G&W.

## CLASS ALLEGATIONS

38.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "TCPA Class") defined as follows:

> All persons within the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

39.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "FDCPA Class") defined as follows:

> All persons within the United States who received debt collection telephone calls from Defendants within one year prior to the filing of this lawsuit, who were not the intended recipients of Defendants' calls and/or who did not owe the alleged debts Defendants were attempting to collect.

40.     Plaintiff represents, and is a member of, the TCPA Class, consisting of all persons in the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

41.     Plaintiff represents, and is a member of, the FDCPA Class, consisting of all persons in the United States who received debt collection telephone calls from Defendants within one year prior to the filing of this lawsuit, who were not the intended recipients of Defendants' calls and/or who did not owe the alleged debts Defendants were attempting to collect.

42.     Defendants, their employees and agents are excluded from the TCPA Class and the FDCPA Class. Plaintiff does not know the number of members in the TCPA Class and the FDCPA Class, but believes the TCPA Class and FDCPA Class members number in the hundreds, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

43.     The TCPA Class and the FDCPA Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the TCPA Class and the FDCPA Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the TCPA Class and the FDCPA Class include hundreds, if not thousands of members. Plaintiff alleges that THE TCPA Class and the FDCPA Class members may be ascertained by the records maintained by Defendants.

44.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the TCPA Class and the FDCPA Class are so numerous that joinder of the TCPA Class and the FDCPA Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court.

45.     There are questions of law and fact common to the TCPA Class and the FDCPA Class affecting the parties to be represented. The questions of law and fact common to the TCPA

Class and the FDCPA Class predominate over questions which may affect individual TCPA Class and FDCPA Class members and include, but are not necessarily limited to, the following:

a. Whether the TCPA Class members' telephone numbers were called by Defendants using an automatic telephone dialing system and/or an artificial and/or prerecorded voice;

b. Whether the TCPA Class members granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent;

c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*;

d. Whether the FDCPA Class members were the intended recipients of Defendants' debt collection telephone calls;

e. Whether the FDCPA Class members owed the alleged debts Defendants were attempting to collect; and

f. Whether Defendants violated the FDCPA, 15 U.S.C. § 1692, *et seq.*

46. As a resident of the United States who received automated telephone calls, made by or on behalf of Defendant, without his consent, within four years prior to the filing of this lawsuit, Plaintiff is asserting claims that are typical of the TCPA Class.

47. As a resident of the United States who received debt collection telephone calls from Defendants within one year prior to the filing of this lawsuit, where he was not the intended recipients of Defendants' calls and he did not owe the alleged debts Defendants were attempting to collect, Plaintiff is asserting claims that are typical of the FDCPA Class.

48. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the TCPA Class and the FDCPA Class.

9

49. Plaintiff will fairly and adequately protect the interests of the members of the TCPA Class and the FDCPA Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

50. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

51. The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

52. Defendants have acted or refused to act in respect generally applicable to the TCPA Class and the FDCPA Class, thereby making appropriate final and injunctive relief with regard to the members of the TCPA Class and the FDCPA Class as a whole.

53. Defendants failed to comply with the requirements of the TCPA, 47 U.S.C. § 227(b), as to the TCPA Class members with respect to the above-alleged transactions.

54.     The TCPA, 47 U.S.C. § 227(b)(1)(B), provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

55.     In multiple instances, Defendants placed automated telephone calls to the TCPA Class members, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

56.     The FDCPA, 15 U.S.C. § 1692c(a)(1), states, "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

57.     The FDCPA, 15 U.S.C. § 1692d, states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

58.     The FDCPA, 15 U.S.C. § 1692d(5), states that it is a violation of 15 U.S.C. § 1692d for a debt collector to "[cause] a telephone to ring or [engage] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

59.     The FDCPA, 15 U.S.C. § 1692f, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

60.     In multiple instances, by placing debt collection telephone calls to individuals who were not the intended recipients of Defendants' calls and/or did not owe the alleged debts Defendants were attempting to collect, Defendants communicated with consumers in connection

with the collection of debts at unusual times or places or times or places known or which should be known to be inconvenient to the consumers, in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

61.     In multiple instances, by placing debt collection telephone calls to individuals who were not the intended recipients of Defendants' calls and/or did not owe the alleged debts Defendants were attempting to collect, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse persons in connection with the collection of debts, in violation of the FDCPA, 15 U.S.C. § 1692d.

62.     In multiple instances, by placing debt collection telephone calls to individuals who were not the intended recipients of Defendants' calls and/or did not owe the alleged debts Defendants were attempting to collect, Defendants caused telephones to ring and/or engaged persons in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person or persons at the called numbers, in violation of the FDCPA, 15 U.S.C. § 1692d(5).

63.     In multiple instances, by placing debt collection telephone calls to individuals who were not the intended recipients of Defendants' calls and/or did not owe the alleged debts Defendants were attempting to collect, Defendants used unfair or unconscionable means to collect or attempt to collect debts, in violation of the FDCPA, 15 U.S.C. § 1692f.

64.     The sizes and definitions of the TCPA Class and the FDCPA class can be identified through Defendants' records, Defendants' agents' records, and other readily available sources.

## COUNT I
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

65.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 64 above as if reiterated herein.

66.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

67.     As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

68.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

69.      Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 68 above as if reiterated herein.

70.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

71.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the TCPA Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

72.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

73.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 72 above as if reiterated herein.

74.     As a direct proximate result of Defendants' conduct, and its violations of the FDCPA as set forth above, Plaintiff and the FDCPA Class have suffered actual damages and other harm, thereby entitling them to recover such damages in addition to statutory damages in the amount of $1,000.00 each, plus reasonably incurred attorneys' fees and costs of this action, pursuant to 15 U.S.C. § 1692k(a)(1)-(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the TCPA Class and the FDCPA Class and appointing Plaintiff as Representative of both classes;

b.      An order certifying the undersigned counsel as Class Counsel for the TCPA Class and the FDCPA Class;

c.      An order requiring Defendants, at their own cost, to notify all TCPA Class and FDCPA Class members of the unlawful conduct herein;

d.      Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e.      Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f.      Judgment against Defendants in the amount of $1,000.00 in statutory damages for every FDCPA violation by Defendants, pursuant to 15 U.S.C. § 1692k(a)(2);

g.      Judgment against Defendants for all actual damages suffered as a result of any FDPCA violations by Defendants, pursuant to 15 U.S.C. § 1692k(a)(1);

14

h.      An order for injunctive relief prohibiting such conduct by Defendants in the future;

i.      Judgment against Defendants for pre-judgment interest and post-judgment interest;

j.      Judgment against Defendants for Plaintiff's court costs and other litigation costs, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

k.      Any other relief deemed just and proper by this Court.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ROLANDO CHACON

By:    /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

15